OPINION
 

 TROTT, Circuit Judge:
 

 It is well-settled that the timeliness of a petition for post-conviction relief filed in state court is governed by state law. However, the circumstances under which a state petition will be deemed “pending” for purposes of 28 U.S.C. § 2244(d)(2) is a federal question. In this case, the petitioner filed a state habeas petition in Kern County Superior Court raising one ground, lost, and pursued it no further. Four and a half years later, petitioner filed a second state habeas petition — this time in the California Supreme Court — raising different grounds. We hold, as a matter of federal law, that petitioner had no application for post-conviction relief “pending” during the four and a half year gap.
 

 I
 

 Background
 

 A.
 

 On December 29, 1989, Welch pleaded guilty in California Superior Court to two counts of attempted murder. He was sentenced to concurrent life terms with the possibility of parole.
 

 Dissatisfied with the consequences of his plea, he moved in the trial court to withdraw it, but his motion was denied. On direct appeal, the California Court of Appeal set aside the judgment of conviction for the limited purpose of allowing him to renew his motion to withdraw. On remand, the motion was denied after a full-blown evidentiary hearing at which Welch testified about the circumstances of his plea. His direct appeal from that denial was unsuccessful. He made no attempt to appeal this result to the California Supreme Court, and the judgment of conviction became final on December 17, 1993.
 

 On January 3, 1994, Welch filed a petition for a writ of habeas corpus with the Kern County California Superior Court. His application for relief claimed only that his trial counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to fully advise him of the consequences of his plea, specifically as to how much time he would have to serve before he would be eligible for parole. This petition was denied on March 17, 1994. Welch made no attempt to seek relief in a higher court.
 

 B.
 

 Four and one-half years later, on August 22, 1998, Welch filed a second petition for a writ of habeas corpus, this time with the California Supreme Court. In this application for relief, he alleged new and different grounds for relief than the ground advanced in his 1994 claim: (1) that his plea was not voluntary, (2) that his trial counsel was ineffective for allowing him to enter a plea while he was allegedly under the influence of medication, and (3) that his appellate counsel was ineffective with respect to the failed attempt to withdraw
 
 *1029
 
 his plea. On February 24, 1999, the California Supreme Court rejected his petition in a postcard denial without comment or citation, which, parenthetically, appellee Carey concedes was a denial “on the merits” under California law.
 

 C.
 

 Welch’s next stop on this fourteen year journey was the Federal District Court in the Eastern District of California where, on March 25, 1999, he filed a petition for a writ of habeas corpus raising not the deficient advice of counsel claim he filed in Superior Court in 1994, but only the different claims filed in the California Supreme Court in 1998.
 

 On August 11, 1999, appellee Carey filed a motion to dismiss Welch’s petition on the ground that it was barred by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”) one year statute of limitations. 28 U.S.C. § 2244(d). Pointing out that the statute begins to run either (1) once a decision is final, or, in the alternative, (2) on April 24, 1996, for judgments like Welch’s which predate the enactment of AEDPA,
 
 see
 
 28 U.S.C. § 2244(d)(1)(A);
 
 Patterson v. Stewart,
 
 251 F.3d 1243, 1246 (9th Cir.2001), Carey argued that because Welch’s application was filed after the effective date of AEDPA, he had only until April 24, 1997, to file his federal petition, a deadline he missed by almost two years.
 
 See
 
 28 U.S.C. § 2244(d)(1);
 
 Calderon v. United States Dist. Ct. (Beeler),
 
 128 F.3d 1283, 1287 (9th Cir.1997),
 
 cert. denied,
 
 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998),
 
 overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly),
 
 163 F.3d 530 (9th Cir.1998) (en banc),
 
 cert. denied,
 
 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999).
 

 The district court concluded that the statute had not been tolled and dismissed Welch’s 1999 federal petition on the ground that it was untimely filed. The court also disagreed with Welch’s alternative claim that he was entitled to equitable tolling, a ruling he did not appeal.
 

 Based on a certificate of appealability issued by the district court, this appeal followed.
 

 II
 

 A.
 

 Statutory Tolling
 

 Welch bases his claim that the district court improperly dismissed his petition on AEDPA’s following provision: “The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection.” 28 U.S.C. § 2244(d)(2). Welch claims that the period between his two state petitions must be tolled, even though the grounds of the subsequent petition were different, and even though no application of any kind was before any state court in the intervening four years.
 

 The' district court disagreed with this argument, holding that “petitioner was not attempting to exhaust his state remedies” during the four year period between the denial by the Superior Court of his petition and the date of his application for relief on different grounds to the California Supreme Court. Welch does not dispute this factual conclusion.
 

 Thus, the question we must now answer is whether Welch is entitled to statutory tolling pursuant to § 2244(d)(2).
 

 B.
 

 Analysis
 

 The statutory issue in this case is quite narrow. It boils down to whether the period starting with Welch’s abandonment
 
 *1030
 
 of his first habeas claim in 1994, and encompassing his four and one-half year period of inaction, qualifies under AEDPA’s relevant tolling provision as “time during which a properly filed application for State post-conviction or other collateral review ... is pending.” 28 U.S.C. § 2244(d)(2). If not, the federal courts have no authority to entertain Welch’s petition.
 

 After the district court’s decision, and after our initial three-judge panel decision in this case, see
 
 Welch v. Newland,
 
 267 F.3d 1013 (9th Cir.2001),
 
 [1]
 
 the Supreme Court decided
 
 Carey v. Saffold,
 
 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). In that case, the Court held — in defining the term “pending” in § 2244(d)(2) with respect to California’s habeas corpus law and procedure and the federal issue of statutory tolling — that a petitioner is normally entitled to “one full round” of collateral review in state court free of federal interference. While that full round is properly in progress, AED-PA’s one-year statute is tolled.
 
 Id.
 
 at 222. The Court reasoned that such a construction protects “the principles of ‘comity, finality, and federalism,’ by promoting ‘the exhaustion of state remedies while respecting the interest in the finality of state court judgments.’ ”
 
 Id.
 
 (quoting
 
 Duncan v. Walker,
 
 533 U.S. 167, 178, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)).
 

 Notwithstanding his four and one-half year delay between petitions and the difference in the claims asserted, Welch asserts that this holding necessarily means that his two-phase quest in state court must be viewed in its totality as “one full round” and as an “application” that was “pending” sufficient to toll the statute.
 

 The unambiguous facts and circumstances of this case are such that under no rational reading or construction of § 2244(d)(2) can it be said that Welch had
 
 anything
 
 pending between March 17,1994, and August 22, 1998, the date of his new and different petition in the California Supreme Court, much less a continuing “application” for review and relief. As Warden Carey points out, Welch did not seek further review of his Superior Court petition, and by waiting four and one-half years and by dropping his original claim, he abandoned his first full round of review and later simply embarked on a new and different one.
 

 Our conclusion is fully consonant with
 
 Carey v. Saffold.
 
 In that case, Saffold’s original state habeas petition alleged four separate violations of his constitutional right to effective assistance of trial counsel. When the Superior Court denied his petition, he placed the same claims in turn before the California Court of Appeal and then the California Supreme Court. It was in this setting involving the continuing pursuit of the same claims that the Supreme Court embraced a broad concept of what constitutes an “application” and adopted the definition of “pending” regarding such an application for relief as “ ‘in continuance’ or ‘not yet decided.’ ”
 
 Carey v. Saffold,
 
 536 U.S. at 219, 122 S.Ct. 2134. The Court added that “pending” means also “ ‘through the period of continuance ... of,’ ‘until the ... completion of.’ ”
 
 Id.
 
 Moreover, the Court pointed out that although California dubs the filing of the same petition in a higher court an “original petition,” that petition constitutes “basic appellate review.”
 
 Id.
 
 at 221-22, 122 S.Ct. 2134. Accordingly, the Court concluded
 
 *1031
 
 that “an application is pending as long as the ordinary state collateral review process is ‘in continuance’ — i.e., ‘until the completion’ of that process. In other words, until
 
 the application
 
 has achieved final resolution through the State’s post-conviction procedures, by definition it remains ‘pending.’ ” Id. at 219-20, 122 S.Ct. 2134 (quotations in original) (emphasis added).
 

 This telling language explains what “one full round” means, and it does not include Welch’s filing and abandoning one claim, and then making another over four years later. To use the language of § 2244(d)(2), Welch’s petitions constituted two different “applications,” not one. To hold otherwise, as Welch’s counsel conceded at oral argument, would be to grant federal tolling to a state prisoner in California, such as Welch, even if he were to wait thirty years between the denial of his petition in one court and the filing of a petition on different grounds in a higher court. Allowing such virtually unlimited delay would directly contradict Congress’ clear intent as manifest in AEDPA to bring rational finality to the lengthy process of collateral review and to eliminate the unproductive task of resolving stale claims. The Supreme Court underlined this aspect of Congress’ purpose in
 
 Carey v. Saffold
 
 saying, “[t]he Ninth Circuit’s rule [assuming from the California Supreme Court’s denial ‘on the merits’ that Saffold’s petition was timely filed under state law] consequently threatens to undermine the statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.”
 
 Id.
 
 at 226, 122 S.Ct. 2134.
 
 [2]
 

 The Supreme Court made it very clear in
 
 Carey v. Saffold
 
 that an unreasonable delay in seeking review in the California Supreme Court from a lower court
 
 on the same claim
 
 deprives any application from being regarded as “pending.” From this premise, it is no stretch at all to conclude that an abandoned claim, followed by four and one-half years of inaction, does not constitute the same “application” that is “pending” for purposes of statutory tolling. During that period of inaction, all Welch had under state law was an opportunity to seek relief of which he did not take advantage. Thus, Welch is not entitled to statutory tolling during the period of inaction between his separate applications for relief in the California state courts.
 

 We do not see this discrete issue as one of the timeliness of a filing in state court, which is to be measured by reference to state law, or as an issue of the meaning and effect of California’s denial “on the merits,” or as a question of whether any particular state court fifing was proper. It is a simple question of construing the meaning of a federal statutory provision designed to encourage expeditious resolution of claims and to protect the federal courts from the fool’s errand of attempting to resolve old and unpreserved claims such as Welch’s. Congress and the courts appropriately built slack into the process by providing a reasonable grace period for pending applications, not for open-ended and unjustified delay in pursuing claims and relief. Tolling accommodates effort, not inaction. The Supreme Court construed statutory tolling in the context of California law to allow “one full round,” not two full rounds. Accordingly, our holding here does not disturb our holding on remand from the Supreme Court in
 
 Saffold v. Carey,
 
 which dealt with whether, under California law and California Su
 
 *1032
 
 preme Court practice, Saffold’s application for relief to that court had been dismissed because it was untimely under state law and therefore could not be regarded as “pending.” 312 F.3d 1031 (9th Cir.2002).
 

 Moreover, as the district court correctly recognized, Welch’s situation materially differs from the circumstances we encountered in
 
 Nino v. Galaza,
 
 183 F.3d 1003 (9th Cir.1999), where the same claim was being pursued up the appropriate ladder, and where the petitioner waited no more than six weeks between filing each petition. In fact,
 
 Nino
 
 supports our conclusion.
 
 Nino
 
 embraced the Tenth Circuit’s statement in
 
 Barnett v. Lemaster,
 
 167 F.3d 1321 (10th Cir.1999), that “AEDPA’s statute of limitations was tolled for ‘all of the time during which a state prisoner
 
 is attempting,
 
 through
 
 proper use of state court procedures,
 
 to exhaust state court remedies
 
 with regard to a particular post-conviction application.’
 
 ”
 
 Id.
 
 at 1322 (quoting
 
 Barnett,
 
 167 F.3d at 1323) (emphasis added). We concluded in
 
 Nino
 
 that “[t]his sensible construction of AEDPA’s requirements accords with the broad construction given the word ‘pending’ in the context of defining a ‘pending’ federal habeas petition.”
 
 Id.
 
 at 1005-06 (citing
 
 McFarland v. Scott,
 
 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994)). In
 
 McFarland,
 
 the Supreme Court held that a post-conviction proceeding is “pending” when a request for appointment of counsel has been made. 512 U.S. at 856, 114 S.Ct. 2568. No matter how broad we construe the word “pending,” Welch had nothing pending between March, 1994 and August, 1998. Thus, he can not rely on statutory tolling to salvage his 1999 petition.
 

 The law could not be clearer that federal courts are normally expected to give state courts the first opportunity to consider federal law challenges to state custody.
 
 Duncan,
 
 533 U.S. at 178-79, 121 S.Ct. 2120;
 
 see also
 
 28 U.S.C. § 2254. This deferential scheme is utterly thwarted by giving tolling credit to a petitioner who did not take advantage of this opportunity to pursue such claims within the adequate time period allowed — one year.
 

 Thus, we AFFIRM the decision of the district court denying Welch the benefit of statutory tolling and his petition for relief.
 

 [1]
 

 . Appellant’s petitions were filed while respondent-appellee Carey’s predecessor, New-land, was still warden. When, during the course of this appeal, Carey succeeded to that office, he became automatically substituted as the respondent-appellee.
 
 See
 
 Fed. R.App. P. 43(c).
 

 [2]
 

 . The Court cited the three-judge panel's decision in this case,
 
 Welch v. Newland,
 
 as an example of a case where we might have undermined the purpose of AEDPA to protect federal courts from attempting to resolve stale claims.