**Clifton FREEMAN, Petitioner— Appellant,**

v.

**Anna Ramirez PALMER; Respondents— Appellees.**

**No. 03–15236.**
**D.C. No. CV–02–01979–MMC.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 24, 2004.

Clifton Freeman, pro se, Soledad, CA, for Petitioner–Appellant.

Jo Graves, Deputy Atty. Gen., Attorney General's Office, Sacramento, CA, Juliet B. Haley, AGCA–Office of the California Attorney General (SF), San Francisco, CA, for Respondents–Appellees.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

MEMORANDUM**

California state prisoner Clifton Freeman appeals *pro se* the district court's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

This court granted a certificate of appealability as to whether Freeman's section 2254 petition was time-barred. After reviewing the record, we conclude that Freeman is not entitled to tolling for the more-than-four-year gap between the California Superior Court's denial of his habeas petition and his filing of the same petition with the California Court of Appeal. *See Carey v. Saffold,* 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *cf. Welch v. Carey,* 350 F.3d 1079, 1083 (9th Cir.2003) (en banc).

Freeman contends that cause and prejudice, or actual innocence, would permit federal review of his untimely petition. We conclude that this contention is not supported by case law, and also lacks merit, as Freeman has not provided any evidence demonstrating he would succeed in such a claim. *See Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (petitioner must demonstrate newly discovered evidence that would show it is more likely than not that no reasonable juror would have found him guilty); *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (cause for procedural default turns on whether some objective factor external to the defense impeded counsel's efforts to comply with state's procedural rule).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.