**Marvin MCCARTHY, Petitioner—Appellant,**

v.

**James E. HALL, Warden, Respondent—Appellee.**

No. 03–56075.

D.C. No. CV–02–09243–JFW.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2004.*

Decided Nov. 30, 2004.

Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, for Petitioner–Appellant.

David A. Voet, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM**

Marvin McCarthy appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction and sentence of nine years for sale of cocaine in violation of California Health and Safety Code § 11352(a). We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm. We review *de novo* the district court's dismissal of a habeas petition as time-barred. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petition for writ of habeas corpus challenging a state conviction or sentence must be filed within one year of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). McCarthy's conviction became final under California law on February 19, 2000. *See Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir.2002). AEDPA's statute of limitations therefore

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we reference them here only as they are necessary to explain our decision.

expired on February 20, 2001. *See* Fed. R. Civ. Proc. 6(a).

McCarthy delivered his federal habeas petition to prison authorities on November 10, 2002, and under *Houston v. Lack*'s "mailbox rule" it is deemed filed as of that date. 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Unless the statute of limitations was tolled, McCarthy's habeas petition was untimely. McCarthy argues that because he filed a *state* habeas petition on January 3, 2000, AEDPA's one-year statute of limitations was statutorily tolled between that date and the state courts' resolution of his final state habeas petition on October 10, 2002. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

The tolling provision in § 2244(d)(2) on which McCarthy relies, however, applies only during the time that his state habeas petitions were "pending." *See Carey v. Saffold*, 536 U.S. 214, 219–26, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999). A state petition is "pending" under § 2244(d)(2) if it is "a continuing 'application' for review and relief." *Welch v. Carey*, 350 F.3d 1079, 1082 (9th Cir. 2003) (en banc). A full round of state collateral review does not include a petitioner's "filing and abandoning one claim," then raising another unrelated claim in a new petition at a later date. *Id.* at 1083.

This court has elucidated a two-part test for statutory tolling under 28 U.S.C. § 2244(d)(2) in this context:

First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a "new round" and

the gap between the rounds is not tolled.... We then ask whether they were ultimately denied on the merits or deemed untimely. In the former event, the time gap between the petitions is tolled; in the latter event it is not.

*King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (internal citations omitted). *See also Gaston v. Palmer*, 387 F.3d 1004, 1016, 1017 (9th Cir.2004) (noting that if the claims are not "overlapping or identical" and the petitioner delays unreasonably, interval tolling is not available); *Welch*, 350 F.3d at 1082 ("[i]t was in th[e] setting involving the continuing pursuit of *the same claims* that the Supreme Court embraced a broad concept of what constitutes an 'application' ") (emphasis added).

McCarthy's first habeas petition in the California Court of Appeal raised four challenges to the legitimacy of the magistrate's probable cause finding and the evidence presented at his preliminary hearing. He asserted that there was insufficient evidence to support the probable cause finding, and that certain essential elements of the crime were not established at his preliminary hearing. That petition was denied on January 27, 2000, before his judgment of conviction became final on direct review. By contrast, his next state habeas petition-which was not filed until May 18, 2001, more than sixteen months after the first was denied-challenged various aspects of his trial and his post-trial appeal. He argued in his second, third, and fourth petitions that he had received ineffective assistance of counsel at trial and on appeal, that he was denied discovery and subject to selective prosecution on the basis of his race. He also asserted that the jury instructions contained an erroneous definition of the crime and that there was insufficient evidence to support his conviction.

In short, McCarthy's petitions for habeas relief in state court consisted of two separate applications. He "dropp[ed] his original claim" related to his preliminary hearing, and then filed a "new and different petition" related to his trial and post-trial appeal. *Welch*, 350 F.3d at 1082. There were no "overlapping or identical claims" among the first petition McCarthy presented to the California Court of Appeal and his second round of collateral review beginning in the Los Angeles Superior Court. *Cf. Gaston*, 387 F.3d at 1017 (finding that the petitioner's claims did overlap).

Moreover, McCarthy delayed so long between applications that the Court of Appeal, in its second habeas decision on January 24, 2002, found him "procedurally defaulted from challenging the validity of his 1999 conviction due to his unjustified delay in seeking relief."[2] *See Saffold*, 536 U.S. at 226 ("If the California Supreme Court had clearly ruled that Saffold's 4 1/2–month delay was 'unreasonable,' that would be the end of the matter, regardless of whether it also addressed the merits of the claim . . . ."). McCarthy's petition therefore displayed neither of the " 'typical' characteristics" we found necessary for interval tolling in *Gaston*, 387 F.3d at 1016, and, consequently, no state habeas application was pending between the Court of Appeal's denial of his first petition on January 27, 2000 and the filing of his next petition in Superior Court on May 28, 2001.

Because no state court habeas petition was pending during the limitations period, AEDPA's one-year statute of limitations was not tolled during the sixteen months that McCarthy waited before filing his second state habeas petition. The district court therefore properly dismissed McCarthy's federal habeas petition as time-barred under § 2244(d)(1)(A).

AFFIRMED.

---

**2.** It is unclear whether the Court of Appeal referred here to McCarthy's initial 15–month delay in filing a habeas petition in Superior Court, or to his 7–month delay between the Superior Court's ruling and his subsequent filing in the Court of Appeal. *See Saffold v. Carey*, 312 F.3d 1031, 1034 (9th Cir.2002).

In either case, however, McCarthy's second application constituted a new round of habeas review because the claims were new and different; we therefore need not reach the question of the timeliness of his second round. *See King*, 340 F.3d at 823; *see also Gaston*, 387 F.3d at 1016.