Arthur Lee HICKS, Petitioner—
Appellant,

v.

A.A. LAMARQUE, Warden,
Respondent—Appellee.

No. 01–56832.
D.C. No. CV–00–05601–CM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Submission Deferred Sept. 19, 2003.

Resubmitted Feb. 4, 2005.

Decided Feb. 9, 2005.

Arthur Lee Hicks, Corcoran, CA, pro se.

Alissa Sawano Peterson, Irvine, CA, Michael J. Wise, Donald E. Denicola, Deputy Atty. Gen., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before KLEINFELD, WARDLAW,
and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Arthur Lee Hicks's conviction became final on July 10, 1996. He petitioned the Superior Court of California for a writ of habeas corpus on August 15, 1996, which was denied January 10, 1997. He filed a mixed federal petition for a writ of habeas corpus on May 21, 1997, which was denied without prejudice on July 27, 1998. He filed another petition, this time in the Cali-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fornia Supreme Court, on April 6, 1999, which was denied on July 28, 1999. He subsequently filed sundry other papers in various state courts. Hicks filed the instant petition for a writ of habeas corpus in the United States District Court on May 24, 2000, and it was dismissed as barred by the one year statute of limitations found in 28 U.S.C. § 2244(d).

Hicks's task on appeal is to turn this almost four year period into less than one. His argument is that his year did not start running until he lost the second time in the California Supreme Court on April 26, 2000, because of tolling during the pendency of state exhaustion. He is wrong, because the state exhaustion was not pending throughout most of the period.

■ Hicks's superior court petition, filed on August 15, 1996, claimed a right to reduction of sentence under a California three-strikes case (not the federal constitution), *People v. Superior Court (Romero)*.[1] That petition did not exhaust any federal claim he now makes. Moreover, Hicks did not pursue it through the California Court of Appeal and the California Supreme Court. Hicks's February 22, 2000 petition in the California Supreme Court did not allege the *Romero* claim that Hicks had pursued in his earlier superior court petition, but rather asserted four different grounds for relief.

Thus Hicks did not commence exhaustion of his claims asserted in his 2000 federal petition until his 2000 filing in state court. He was not exhausting these claims between 1997, when his conviction became final, and 2000. His year under 28 U.S.C. § 2244 elapsed during that time. Because Hicks had "abandoned his first full round of review and later simply embarked on a new and different one,"[2] he had nothing "pending" in the period between the denial of his state superior court habeas petition and the filing of his state supreme court habeas petition.[3] Hicks was at most entitled to statutory tolling only for the 94–day period between October 8, 1996 and January 10, 1997, when his properly filed state habeas petition was pending, and even that is dubious, because he was not then in the process of exhausting his federal claim.[4]

■ Though Hicks's federal petition was pending from May 21, 1997 to July 27, 1998, a pending federal habeas petition does not toll the statute of limitations.[5] The district court did not tell Hicks when it dismissed the mixed petition that, if he wished, he could move to amend the petition to delete the unexhausted claims,[6] but the court was not required to do so.[7] The district court's statement in its judgment that, "[t]he petition for a writ of habeas corpus is dismissed without prejudice to the petitioner's right to file a new petition after he has exhausted state remedies with regard to all issues raised therein," did not equitably toll the statute of limitations by affirmatively misleading Hicks,[8] because it

---

1. *People v. Superior Court (Romero)*, 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (1996).

2. *Welch v. Carey*, 350 F.3d 1079, 1082 (9th Cir.2003).

3. 28 U.S.C. § 2244(d)(2); *Welch*, 350 F.3d at 1082.

4. *See id.*

5. *Duncan v. Walker*, 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

6. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir.2000).

7. *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 2446, 159 L.Ed.2d 338 (2004).

8. *See Pliler*, 124 S.Ct. at 2447 (declining to address whether a district court's affirmative misleading of a pro se petitioner justifies equitable tolling).

was a correct rather than a misleading statement of the law, and did not induce any detrimental conduct by misstatement of fact or intention.

**AFFIRMED.**