**Victor Manuel LUCIO, Petitioner— Appellant,**

v.

**Ernest C. ROE, Warden, Respondent— Appellee.**

No. 02–55515.

D.C. CV–01–08113–HLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2005.

Decided Feb. 11, 2005.

Kenneth M. Stern, Woodland Hills, CA, for Petitioner–Appellant.

Victor Manuel Lucio, Tehachapi, CA, pro se.

Xiomara Costello, Office of the Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before REINHARDT and CLIFTON, Circuit Judges, and WEINER, District Judge.*

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The only filing Lucio made during this period was a collateral petition filed in the California Supreme Court concerning an unrelated matter attacking the Three Strikes statute.

**MEMORANDUM**\*\*

The one year statute of limitations was not tolled during the period from June 26, 1998 to May 24, 2000. Direct review of Lucio's conviction has ended by this period, and the collateral proceedings on the relevant claims had not yet commenced.[1] *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999) (statute of limitations is not tolled between the time petitioner's direct appeal is resolved and the date his first collateral challenge is filed "because there is no case 'pending' during that interval"); *Welch v. Carey,* 350 F.3d 1079, 1083 (9th Cir.2003) (en banc) (holding that a petitioner "is not entitled to statutory tolling during the period of inaction between … separate applications for relief"). Accordingly, there was no error in the district court's determination that Lucio's federal petition was untimely.

**AFFIRMED.**

The filing of this petition did not entitle Lucio to gap tolling between the date of its dismissal on May 26, 1999, and the filing of Lucio's subsequent petition on May 24, 2000, because the two petitions were unrelated—indicating Lucio's abandonment of the former claim. *See Welch,* 350 F.3d at 1082 (holding that gap tolling is not appropriate if the defendant, "by dropping his original claim … abandoned his first full round of review and later simply embarked on a new and different one.").