**Marquis D. GRAYS, Petitioner—Appellant,**

v.

**Michael YARBOROUGH, Warden, Respondent—Appellee.**

No. 03–56666.

D.C. No. CV–02–09308–VAP.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2004.*

Decided Aug. 10, 2005.

Fed. R.App. P. 34(a)(2).

Marquis D. Grays, Lancaster, CA, pro se.

Stephanie C. Brenan, DAG, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

### MEMORANDUM**

Petitioner Marquis D. Grays ("Grays") appeals pro se the District Court's denial of his 28 U.S.C. § 2254 habeas petition as time-barred under 28 U.S.C. § 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He contends that AEDPA's one-year statute-of-limitations period must be statutorily tolled under 28 U.S.C. § 2244(d)(2) for the entire time he pursued his state collateral remedies and, alternatively, that equitable tolling is warranted. Because Grays is entitled to statutory tolling between the filing and disposition of each of his four state habeas petitions and during all three

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

intervals between petitions, his federal habeas petition was timely. *See Gaston v. Palmer,* 417 F.3d 1030, ——, slip op. at 8969 (9th Cir.2005). As a result, we vacate the dismissal of his petition as untimely and remand to the District Court for further proceedings.

## I.

The running of AEDPA's one-year statute of limitations is statutorily tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2). A state petition is "pending" if it is a "continuing 'application' for review and relief." *Welch v. Carey,* 350 F.3d 1079, 1082 (9th Cir.2003), *cert. denied,* 541 U.S. 1078, 124 S.Ct. 2423, 158 L.Ed.2d 991 (2004). More precisely, a petitioner is normally entitled to "one full round" of collateral review in state court free from federal interference, during which time AEDPA's limitations provision is tolled. *Carey v. Saffold,* 536 U.S. 214, 222, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

In *Gaston v. Palmer,* specifically, we held that in cases involving California state prisoners, like Grays, who file habeas petitions in any level of the California state courts, interval tolling is available between properly-filed and pending state petitions with overlapping or identical claims, at least some of which were continuously litigated in the state courts. *Id.* at ——, ——, Slip op. at 8980, 8995–98. There, we found that petitioner's six state petitions were (1) "properly filed" because they were either denied on the merits or not denied for untimeliness and (2) "pending" because they presented overlapping claims, as opposed to new and different claims as in *Welch v. Carey,* 350 F.3d at 1082 (holding that "under no rational reading or construction of § 2244(d)(2) can it

be said that [petitioner] had anything pending between his first habeas petition and the date of his new and different petition in the California Supreme Court, much less a continuing 'application' for review and relief").

▮▮▮ In Grays' case, his four state habeas petitions were also properly filed and pending for the four-year period that he pursued his state collateral remedies. First, his first and third petitions were clearly denied on the merits and, therefore, properly filed. *See Gaston,* 417 F.3d at ——, slip op. at 8984 ("A decision on the merits necessarily implies that an application was 'properly filed,' because it is axiomatic that a court will not rule on the merits of an improperly filed application"). Second, his second petition was "limited to an elaboration of the facts relating to the claims in the first petition", and thus properly filed under *King v. Roe,* 340 F.3d 821, 823 (9th Cir.2003) (per curiam). Third, because the California Supreme Court's denial of Grays' fourth petition is construed as a grant of a demurrer with leave to re-file, that petition was properly filed as well. *See Gaston,* 417 F.3d at ——, slip op. at 8985.

▮▮▮ Last, because each petition raised an ineffective-assistance-of-counsel claim, alleging misconduct by the attorney in the course of advising Grays regarding his plea agreement, Grays' claims were overlapping, if not identical, and consequently pending for purposes of tolling AEDPA's statute of limitations. 28 U.S.C. § 2244(d)(2).

## II.

Accordingly, AEDPA's statute of limitations was tolled from September 20, 1998, when Grays filed his first state petition, to November 13, 2002, when his last state petition was denied. From the date Grays' judgment became final on October 18, 1997 to September 19, 1998, Grays did

not file anything. As a result, by the time he filed his first state petition, 337 days of the one-year statute of limitations had elapsed, leaving him with 28 days on the clock.

Grays signed his federal habeas petition on November 21, 2002, only 8 days after the tolling period had expired. But the petition was technically filed in the District Court on December 12, 2002, 29 days after the tolling period had stopped and, therefore, one day late.

■ Because Grays is a pro se prison petitioner, however, his petition is considered filed on the date he gives the petition to a prison official for mailing. *Houston v. Lack,* 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Anthony v. Cambra,* 236 F.3d 568, 574–75 (9th Cir.2000). Since there is no doubt that Grays must have given the petition to the prison officials either on the date that he allegedly signed it or before its official filing with the District Court on December 12, 2002, the petition was timely.

**VACATED and REMANDED.**