**Marcos A. LOMELI, Petitioner–Appellant,**

v.

**Jo Ann GORDON, Respondent–Appellee.**

No. 03–55862.

D.C. No. CV–02–03319–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2005.

Decided Sept. 19, 2005.

Marcos A. Lomeli, California Rehabilitation Center, Norco, CA, pro se.

Cara Devito, Las Vegas, NV, Robert David Breton, AGCA—Office of The California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Appeal from the United States District Court for the Central District of California; Ronald S.W. Lew, District Judge, Presiding.

Before REINHARDT and CLIFTON, Circuit Judges, and WEINER, District Judge.*

## ORDER

This case is resubmitted as of the date of this order.

## MEMORANDUM**

The district court did not err when it determined that Lomeli's federal habeas petition was untimely. Accordingly, we affirm the dismissal of the petition.

The facts are well known to the parties and will be repeated here only insofar as is necessary to explain our decision. Lomeli filed four state habeas petitions. His first two petitions raised identical issues. The California Supreme Court denied petition number 2 with a citation to, *inter alia*, the untimeliness rule of *In re Swain*, 34 Cal.2d 300, 209 P.2d 793 (1949) (state habeas petitioner who belatedly presents a collateral attack must justify the delay in raising the question).

█ Petition numbers 3 and 4 were both filed in the California Courts of Appeal. Petition number 3 attempted to justify the *In re Swain* delay identified by the Supreme Court in its denial of petition

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

number 2.[1] Thus, under the holding *King v. Roe*, 340 F.3d 821 (9th Cir.2003) (the gap between a Supreme Court petition—denied without prejudice but with a citation to *In re Swain*—and a second series of petitions that made no attempt to correct the *In re Swain* problem, is not tolled; however if the new petition *does* attempt to correct deficiencies in a prior petition the statute is tolled because the petitioner is still making proper use of state court procedures) petition number 3 would be considered part of the "one full round" of state collateral review to which a federal habeas petitioner is entitled and during which the federal statute of limitations is tolled.

■ Petition number 4 is more problematic. Lomeli filed petition number 4 on November 20, 2001. In petition number 4, Lomeli dropped all but one of the claims he had previously raised and attempted to raise an entirely new claim of ineffective assistance of counsel. In *Welch v. Carey*, 350 F.3d 1079 (9th Cir.2003) (en banc), we held that a state habeas petitioner is not entitled to interval tolling under the federal habeas statute when he abandons the claims in his first application. In *Welch*, the petitioner had waited four years after his first state petition was denied to file another petition raising new and different grounds for relief. *Id.* at 1080. Because he had abandoned his first claims, there was no application for post conviction relief "pending" for purposes of § 2244(d)(2). Accordingly, we held that the petitioner was not entitled to interval tolling because there was no application for post conviction relief "pending" for purposes of § 2244(d)(2).

However, "[t]he period that an application for post-conviction review is pending is not affected or 'untolled' merely because a petitioner filed additional or overlapping petitions before it is complete." *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir.2003). Under *Delhomme*, an applicant remains "entitled to interval tolling for the one full round of state habeas review even if he initiates a new round of review before the first round is complete." *Gaston v. Palmer*, 417 F.3d 1030, 1043 (9th Cir.2005) (as amended).

We conclude that Lomeli is not entitled to interval tolling for his fourth petition. Unlike the petitioners in *Delhomme* and *Gaston*, Lomeli's one full round of review was complete when the court of appeal denied petition number 3 both as untimely and on the merits. Given that disposition, the next step up the appellate ladder should have been to the California Supreme Court. This is because after the denial of petition number 3 there was no *In re Swain* error left to correct by filing yet another petition in the court of appeal. Accordingly, petition number 4 was not an "overlapping" petition but the start of an entirely new round of review, which abandoned all but one of the earlier claims and attempted to raise a new claim. Because the fourth petition began a new round of review, the interval between petition number 3 and petition number 4 was not tolled for purposes of determining the timeliness

---

**1.** Petition number 3 raised the exact same issues as were previously raised by Lomeli in his supreme court petition. The court of appeal denied petition number 3 on June 28, 2001 as untimely and on the merits. The court determined that the substantive issues should have been raised on direct appeal. To the extent that the failure to do so was argued

to be caused by ineffectiveness of appellate counsel, the court found no basis for such a claim. To the extent the substantive issue argued was ineffective assistance of trial counsel, the court concluded that Lomeli failed to meet his burden that, but for counsel's errors, the outcome of his trial would have been different.

of Lomeli's federal habeas petition.[2]

Lomeli's conviction became final on May 3, 2000. Giving Lomeli credit for interval tolling between the date that he filed his first state petition—August 22, 2000—and the date that his third petition was denied—June 28, 2001—the one year statute of limitations ran for 111 days before he filed his first petition and an additional 299 days between the denial of petition number 3 and the date that Lomeli filed his federal petition on April 23, 2002. Accordingly, we conclude that his federal habeas petition was untimely.

AFFIRMED.

REINHARDT, Circuit Judge, dissenting.

Contrary to the majority, I would hold that Lomeli's fourth habeas petition did not completely "abandon[ ] the claims of his first application," and therefore did not begin "an entirely new round of review." Because Lomeli's fourth petition attempted to correct pleading errors cited by the California Supreme Court in its denial of his second petition, such petition constituted part of the "one full round" of state collateral review to which he is entitled under *King v. Roe*, 340 F.3d 821 (9th Cir.2003). Therefore, Lomeli was entitled to interval tolling between his third and fourth petitions and the dismissal of his federal habeas petition as untimely was error. For these reasons, I respectfully dissent.

---

**2.** Petition number 4 could also not be deemed an "overlapping" petition, for the reason that there was never a "petition number 5." *Gaston* grants interval tolling where a petitioner takes a wrong turn, filing an extraneous petition, but then returns to the correct course up the ladder of appellate review. Lomeli never sought to correct his course and return to the

original line of appellate review that, in effect, ended with the court of appeal's denial of petition number 3.

