Guy Terrall **LORICK**, Petitioner–Appellant,

v.

Gail **LEWIS**, Deputy Warden, Respondent–Appellee.

No. 00–56809.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.*

Submission Vacated Jan. 20, 2005.

Resubmitted Oct. 30, 2006.

Filed Nov. 8, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Guy Terrall Lorick, Ione, CA, pro se.

David M. Porter, Federal Public Defender's Office, Sacramento, CA, Matthew C. Mulford, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

■ Lorick knew the essential facts for his claims when they were developed during his 1993 sentencing. These facts comprised the "factual predicate"[1] for his ineffective assistance of counsel and conflict of interest claims because they "suggest[ed] both unreasonable performance *and* resulting prejudice."[2] That he obtained more evidence in 1999 has no effect on the statute of limitations.

■ Petitioners are entitled to "one full round" of collateral review in a state court system, during which AEDPA's one-year statute of limitations is generally tolled.[3] Lorick's "full round" ended, at the latest, on July 25, 1997 when the California Supreme Court's denial of his petition for a writ of habeas corpus became final. Lor-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. 28 U.S.C. § 2244(d)(1)(D).

2. *Hasan v. Galaza,* 254 F.3d 1150, 1154 (9th Cir.2001) (emphasis in original).

3. *Welch v. Carey,* 350 F.3d 1079, 1082 (9th Cir.2003) (en banc).

ick's subsequent attempts to seek mandamus from the California court system, therefore, do not entitle him to any additional tolling.[4]

■ We need not consider whether Lorick's filings en route to the California Supreme Court decision of June 25, 1997 were timely. Since Lorick did not sign his federal habeas petition until July 25, 1999—two years to the day after the denial of his writ of habeas corpus by the California Supreme Court became final—his federal petition is barred as untimely under AEDPA's one year statute of limitations.

■ Lorick would not, in any event, be eligible for tolling based on his subsequent filings for mandamus in successively lower California courts—tolling is only available when a petitioner is filing claims up the ladder of review, not down.[5]

AFFIRMED.

### ORDER

The mandate has never issued in this appeal. The memorandum disposition filed on October 1, 2003, is withdrawn and replaced by the memorandum disposition filed concurrently with this order. With the withdrawal of the memorandum disposition, the petition for hearing and petition for rehearing en banc are DENIED as moot. Subsequent petitions for rehearing and petitions for rehearing en banc may be filed.

---

4. Lorick was invited to pursue a remedy in the federal courts after the denial of his habeas petition by the California Supreme Court. That court's letter refusing to accept his first request for mandamus stated: "[A]s it appears that you have exhausted your state remedies, it is my suggestion that you consider forwarding your current petition for Writ of Mandamus to the Federal Courts since it concerns issues of constitutionality." That letter

was dated March 11, 1998—more than a year before Lorick filed his federal habeas petition.

5. *See Welch,* 350 F.3d at 1084 (discussing *Nino v. Galaza,* 183 F.3d 1003 (9th Cir.1999)).

