**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWARD ONTIVEROS,

               Petitioner - Appellant,

   v.

R. J. SUBIA,

               Respondent - Appellee.

No. 08-17317

D.C. No. 2:07-cv-01441-JAM-DAD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted January 15, 2010
San Francisco, California

Before: NOONAN, HAWKINS and M. SMITH, Circuit Judges.

Edward Ontiveros, a California state prisoner, sought federal habeas relief to

challenge the parole board's decision to deny him parole. The district court

dismissed the case, finding that the one-year deadline for filing under the

Antiterrorism and Effective Death Penalty Act (AEDPA) had passed. *See* 28

---

      [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C. § 2244(d)(1). Ontiveros claims that his petition was filed within the one-year deadline because (1) the factual predicate date should not begin until after the 30-day period for gubernatorial review has elapsed, and (2) his claim was "pending," and thus tolled, *see* § 2244(d)(2), for the period between the factual predicate date and his initial state filing. This court has jurisdiction under 28 U.S.C. §§ 1291, 2253. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision. We affirm the district court's grant of the motion to dismiss.[1]

## I.      Factual Predicate Date

The district court found that Ontiveros filed his petition 113 days after the one-year limitations period had ended. Thus, even assuming that the factual predicate date was defined as starting after the 30-day period for gubernatorial review had elapsed, Ontivoros's claim would still be untimely (by 83 days). We therefore decline to reach this issue.

---

[1] Ontiveros's statutory tolling claims are not waived. *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (holding that pro se petitions must be construed liberally); *Bolker v. Comm'r of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir. 1985) (discussing exceptions to waiver rule for issues that are purely legal or that arise while appeal is pending). However, his equitable tolling claim is waived for failure to raise it in his opening brief. *See* Fed. R. App. P. 28 (a)(9)(A); *see also Ind. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003).

## II.     Tolling During the Pre-Filing Period

Ontiveros argues that his claim was "pending," for tolling purposes, *see* § 2244(d)(2), during the period between the board's final decision and Ontiveros's initial habeas filing in state superior court (the pre-filing period). This pre-filing period was 329 days long.  If the statute of limitations had been tolled during this period, Ontiveros's federal habeas petition would have been timely under AEPDA.

AEDPA provides for tolling while a prisoner attempts to exhaust his claims in state court, stating:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).  Ontiveros presents cogent arguments for why tolling during the pre-filing period might be fair, especially in the context of parole decision challenges.  However, we find that the plain language of § 2244(d)(2) does not permit tolling during the pre-filing period, as it requires that the state petition be both "properly filed" and "pending."  Although Ontiveros's state petition was *eventually* properly filed and pending, it could not be characterized as such during the pre-filing period.

Furthermore, we have previously only permitted tolling "from the time the first state habeas petition is filed until the California Supreme Court rejects the

petitioner's final collateral challenge." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (footnote omitted); *see also Redd v. McGrath*, 343 F.3d 1077, 1084-85 (9th Cir. 2003) (holding that the limitations period begins to run on the day after the board's parole decision becomes final). We reject Ontiveros's argument that *In re Burdan*, 86 Cal. Rptr. 3d 549 (Ct. App. 2008), read in conjunction with *Evans v. Chavis*, 546 U.S. 189, 193 (2006), justifies tolling during the pre-filing period simply because his initial state petition was timely by California standards. Although "the timeliness of a petition for post-conviction relief filed in state court is governed by state law[,] . . . the circumstances under which a state petition will be deemed 'pending' for purposes of 28 U.S.C. § 2244(d)(2) is a federal question." *Welch v. Carey*, 350 F.3d 1079, 1080 (9th Cir. 2003) (en banc). We hold that Ontiveros was not entitled to statutory tolling during the pre-filing period and that his federal habeas petition is time-barred under AEDPA.

**AFFIRMED.**