UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD ONTIVEROS,<br><br>               Petitioner - Appellant,<br><br> v.<br><br>R. J. SUBIA,<br><br>               Respondent - Appellee. | No. 08-17317<br><br>D.C. No. 2:07-cv-01441-JAM-DAD<br>Eastern District of California,<br>Sacramento<br><br><br>ORDER |

Before: NOONAN, HAWKINS and M. SMITH, Circuit Judges.

The memorandum disposition filed on January 28, 2010 is hereby withdrawn. A new memorandum disposition is filed concurrently herewith.

Appellant Ontiveros filed a pro se petition for panel rehearing on February 8, 2010, which was deficient because he has appointed counsel. That petition for panel rehearing is hereby rendered moot.

FILED

**NOT FOR PUBLICATION**

FEB 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD ONTIVEROS, | No. 08-17317 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01441-JAM-DAD |
| v. | |
| R. J. SUBIA, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted January 15, 2010
San Francisco, California

Before: NOONAN, HAWKINS and M. SMITH, Circuit Judges.

Edward Ontiveros, a California state prisoner, sought federal habeas relief to

challenge the parole board's decision to deny him parole. The district court

dismissed the case, finding that the one-year deadline for filing under the

Antiterrorism and Effective Death Penalty Act (AEDPA) had passed. *See* 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C. § 2244(d)(1). Ontiveros claims that his petition was filed within the one-year deadline because (1) the factual predicate date should not begin until after the 30-day period for gubernatorial review has elapsed, and (2) his claim was "pending," and thus tolled, *see* § 2244(d)(2), for the period between the factual predicate date and his initial state filing. Ontiveros also claims that he is entitled to equitable tolling. This court has jurisdiction under 28 U.S.C. §§ 1291, 2253. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision. We affirm in part and reverse in part.[1]

## I. Statutory Tolling

### A. Factual Predicate Date

The district court found that Ontiveros filed his petition 113 days after the one-year limitations period had ended. Thus, even assuming that the factual predicate date was defined as starting after the 30-day period for gubernatorial review had elapsed, Ontivoros's claim would still be untimely (by 83 days). We therefore decline to reach this issue.

---

[1] Ontiveros's statutory tolling claims are not waived. *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (holding that pro se petitions must be construed liberally); *Bolker v. Comm'r of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir. 1985) (discussing exceptions to waiver rule for issues that are purely legal or that arise while appeal is pending).

**B.    Tolling During the Pre-Filing Period**

Ontiveros argues that his claim was "pending," for tolling purposes, *see* §
2244(d)(2), during the period between the board's final decision and Ontiveros's
initial habeas filing in state superior court (the pre-filing period). This pre-filing
period was 329 days long.  If the statute of limitations had been tolled during this
period, Ontiveros's federal habeas petition would have been timely under AEPDA.

AEDPA provides for tolling while a prisoner attempts to exhaust his claims
in state court, stating:  "The time during which a properly filed application for
State post-conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period of limitation
under this subsection." § 2244(d)(2).  Ontiveros presents cogent arguments for why
tolling during the pre-filing period might be fair, especially in the context of parole
decision challenges.  However, we find that the plain language of § 2244(d)(2)
does not permit tolling during the pre-filing period, as it requires that the state
petition be both "properly filed" and "pending."  Although Ontiveros's state
petition was *eventually* properly filed and pending, it could not be characterized as
such during the pre-filing period.

Furthermore, we have previously only permitted tolling "from the time the
first state habeas petition is filed until the California Supreme Court rejects the

3

petitioner's final collateral challenge." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (footnote omitted); *see also Redd v. McGrath*, 343 F.3d 1077, 1084-85 (9th Cir. 2003) (holding that the limitations period begins to run on the day after the board's parole decision becomes final). We reject Ontiveros's argument that *In re Burdan*, 86 Cal. Rptr. 3d 549 (Ct. App. 2008), read in conjunction with *Evans v. Chavis*, 546 U.S. 189, 193 (2006), justifies tolling during the pre-filing period simply because his initial state petition was timely by California standards. Although "the timeliness of a petition for post-conviction relief filed in state court is governed by state law[,] . . . the circumstances under which a state petition will be deemed 'pending' for purposes of 28 U.S.C. § 2244(d)(2) is a federal question." *Welch v. Carey*, 350 F.3d 1079, 1080 (9th Cir. 2003) (en banc). We hold that Ontiveros was not entitled to statutory tolling during the pre-filing period.

## II.    Equitable Tolling

Normally, Ontiveros's equitable tolling claim would be waived for his attorney's failure to raise it in his opening brief.[2] *See* Fed. R. App. P. 28(a)(9)(A); *see also Ind. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003). However, prior to having counsel appointed, Ontiveros filed a *pro se*

---

[2] The district court found, and we agree, that Ontiveros properly raised an equitable tolling claim in the district court.

4

Opening Brief that remains part of our record. In that *pro se* document, Ontiveros claims that his state habeas filing was delayed because he is "mentally incompetent," and has a "documented mental handicap." Throughout the record he also references prison lock-downs that prevented timely filing. These claims, liberally construed, are sufficient to preserve his equitable tolling claim on appeal.

To qualify for equitable tolling, a litigant "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The district court found that Ontiveros was not entitled to equitable tolling because he "waited almost a year before filing his first state habeas petition." This restates the known fact that Ontiveros filed late, but does not properly determine whether he pursued his rights diligently. The district court failed to investigate whether Ontiveros diligently attempted to file his state petition.

The district court also found that Ontiveros had not demonstrated that extraordinary circumstances prevented him from timely filing. The court cites case law holding that a lack of legal sophistication or temporary delays in prison law library access are not, by themselves, grounds for equitable tolling. However, the district court did not address Ontiveros's claim that his documented learning

5

disability caused his late filing. We have previously held that "'mental incompetency justifies equitable tolling' of the AEDPA statute of limitations." *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) (citing *Calderon v. U.S. Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), *overruled in part by Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The district court also failed to determine the extent to which the prison lock-down precluded Ontiveros's access to the law library or to his legal files.

We therefore reverse the district court's dismissal of the petition and remand for factual development, including an evidentiary hearing, with regard to Ontiveros's equitable tolling claim. *See Laws*, 351 F.3d at 923-925. If the district court determines that equitable tolling is warranted, it should proceed to the merits. Otherwise, it should dismiss the petition as untimely.

Each party shall bear its own costs.

**AFFIRMED in part; REVERSED and REMANDED in part.**