**Larry Donnell KING, Petitioner–Appellant,**

v.

**Ernest C. ROE, Warden, Respondent–Appellee.**

**No. 01–55712.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2003.*

Filed Aug. 18, 2003.

---

afoul of the statute of limitations." *Biggs*, 339 F.3d at 1048.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Larry Donnell King, Pro se, Los Angeles, CA, petitioner-appellant.

Jeffrey J. Koch, Deputy Attorney General for the State of California, San Diego, CA, for the respondent-appellee.

Before BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

## OPINION

PER CURIAM.

Larry Donnell King appeals pro se the dismissal of his federal habeas petition as time-barred under 28 U.S.C. § 2244(d)(1). We review de novo, *Patter-*

*son v. Stewart,* 251 F.3d 1243, 1245 (9th Cir.2001), and affirm.

King's first petition to the California Supreme Court was denied without prejudice with citations to two cases that require that one must allege with sufficient particularity the facts warranting habeas relief and allow amendment to comply. *See In re Swain,* 34 Cal.2d 300, 304, 209 P.2d 793 (1949), *People v. Duvall,* 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995).

■ To determine whether King is entitled to tolling of the period between the denial of this petition and the commencement of his next series of petitions, we apply a two-part test. First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a "new round" and the gap between the rounds is not tolled. *Biggs v. Duncan,* 339 F.3d 1045, 2003 WL 21911087 (9th Cir. 2003). But if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making "proper use of state court procedures," *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999), and his application is still "pending" for tolling purposes. *See Carey v. Saffold,* 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) ("until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending' "). We thus construe the new petitions as part of the first "full round" of collateral review. *Carey,* 536 U.S. at 222, 122 S.Ct. 2134. We then ask whether they were ultimately denied on the merits or deemed untimely. *Id.* In the former event, the time gap between the petitions is tolled; in the latter event it is not.

■ King's second series of petitions commenced in the California Court of Appeals seven months after the denial of his prior petition. They made no attempt to correct his prior petition, and therefore were not offered simply to remediate deficiencies, *see Swain,* 34 Cal.2d at 304, *Duvall,* 9 Cal.4th at 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252, and fail the first prong of this test. This second series of petitions therefore may not be treated as part of his "one full round" that is his due under *Carey,* and must be treated as a separate round under *Biggs.*

The one-year period in which King could file a federal habeas petition began to run on June 12, 1996. *Bowen v. Roe,* 188 F.3d 1157, 1159–1160 (9th Cir.1999). King is entitled to tolling of the statute of limitations during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). He is not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review. *Biggs,* 339 F.3d at 1045, 2003 WL 21911087. Since we cannot toll the interval between King's two rounds of review, even if he is entitled to tolling during both of these rounds and to equitable tolling during the periods he requests, his federal petition is untimely.

AFFIRMED.