**Wayne Delisser PALMER, Petitioner–Appellant,**

v.

**Ernest C. ROE, Warden, Respondent–Appellee.**

**No. 00–57168.**

**D.C. No. CV–00–04978–JSL.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Sept. 22, 2003.

Wayne Delisser Palmer, San Diego, CA, pro se.

Michael C. Keller, Lauren E. Dana, DAG, AGCA–Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before B. FLETCHER, SILVERMAN and WARDLAW, Circuit Judges.

MEMORANDUM**

California state prisoner Wayne Delisser Palmer appeals pro se the district court's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

denial as untimely of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his conviction for kidnaping for sexual purposes and forcible rape. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Palmer contends that he is entitled to statutory tolling for the time between the denial of his first habeas petition in the California Supreme Court, and the filing of a subsequent California Supreme Court petition.

We conclude that Palmer is not entitled to statutory tolling for the gap between the denial of his first petition to the California Supreme Court, and subsequent filing to the California Supreme Court because his second filing commenced a subsequent round of review, and was not a continuation of his first round. *King v. Roe,* 340 F.3d 821, 822–23 (9th Cir.2003) (per curiam) (finding that under a two-part test, petitioner's second series of petitions was not a part of his one full round of review because they did not attempt to correct his prior petition); *Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir.2003) (deciding that because petitioner's first round of collateral review is complete when the state supreme court's denial becomes final, a petitioner is not entitled to entitled to statutory tolling of the gap before he begins a second round of petitions). Without the benefit of statutory tolling for the time between his subsequent petitions to the California Supreme Court, Palmer's federal petition is untimely. Therefore, we affirm the district court's denial of Palmer's habeas petition.

**AFFIRMED.**[1]

---

1. Appellant's "Motion for leave to file late arguments," received on October 9, 2001, is denied.

