**Cecil CARR, aka Lonnie Johnson, Petitioner–Appellant,**

v.

**LOS ANGELES SUPERIOR COURT; et al., Respondents–Appellees.**

No. 01–55364.

D.C. No. CV–00–05782–CAS(RZ).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Oct. 9, 2003.

Before KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

## MEMORANDUM*

Cecil Carr appeals the district court's dismissal of his federal habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). We have jurisdiction under 28 U.S.C. § 2253 and we reverse.

The district court erred in finding that the AEDPA statute of limitations was not tolled while Carr pursued state post-conviction review. See 28 U.S.C. § 2244(d)(2) ("[The] time during which a properly filed application for State post-conviction ... review ... is pending shall not be counted toward any period of limitation under this subsection.").

■ Under 28 U.S.C. § 2244(d)(2), the statute of limitations on Carr's federal habeas petition was tolled while he completed

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"one full round" of state collateral review. *Carey v. Saffold,* 536 U.S. 214, 222, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). Carr's state conviction became final on December 5, 1997. On October 1, 1998, Carr filed a petition for writ of habeas corpus in the Los Angeles Superior Court, which was summarily denied. Carr's "petition for writ of mandate" in the California Court of Appeal seeking relief under what was then California Rule of Court 260(e) and a similar filing requesting a rehearing on that matter in the California Supreme Court cannot be characterized as habeas petitions because the only relief sought was an order directing the Superior Court to explain its decision. Thus, these filings were part of Carr's "first full round" of state habeas review. *See King v. Roe,* 340 F.3d 821, 823 (9th Cir.2003) (Subsequent petitions limited to an elaboration of facts relating to claims in first habeas petition or seeking to correct deficiencies in first habeas petition are part of "first 'full round' of collateral review" and the statute remains tolled.) (quoting *Saffold,* 536 U.S. at 220, 122 S.Ct. 2134).

■ The California Court of Appeal denied Carr's second habeas petition on the merits, holding that the sentence enhancement applied to Carr for his prior convictions was not an ex post facto application of the law. The California Supreme Court's denial of Carr's third habeas petition without comment or citation was also a denial on the merits. *See Hunter v. Aispuro,* 982 F.2d 344, 347–48 (9th Cir. 1992). Because neither petition was denied for untimeliness, the period of time between the filing of each petition was not unreasonable. Carr thus is entitled to statutory tolling from October 1, 1998, when he filed his initial state habeas petition in the Superior Court, to April 29, 2000, when the California Supreme Court's summary denial of his habeas petition became final. *See Saffold,* 536 U.S. at 221–22, 122 S.Ct. 2134.

Therefore, Carr had nearly two months remaining on his federal statute of limitations when he filed his initial state habeas petition. Because he filed his federal habeas petition on May 19, 2000, less than one month after the California Supreme Court ended his "one full round" of state collateral review, Carr's federal petition was timely.

REVERSED.