**Kelvin Leon AUSTIN, Petitioner–Appellant,**

v.

**Teresa ROCHA, Warden, Respondent–Appellee.**

No. 01–56960.
D.C. No. CV–00–02596–TJW.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 15, 2004.

Janice M. Deaton, San Diego, CA, for Petitioner–Appellant.

Attorney General, Sabrina Y. Lane–Erwin, AGCA–Office of the California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM**

California state prisoner Kelvin Leon Austin appeals the dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Smith v. Duncan,* 297 F.3d 809, 811 (9th Cir.2002), and we affirm.

---

Austin contends that he is entitled to additional statutory tolling from the time of the final ruling on his state habeas petition by the California Supreme Court, until the denial of his second state habeas petition by the California Court of Appeal. He is mistaken, as his second round of petitions made no attempt to correct his prior petition, and were not offered to remedy deficiencies. *See King v. Roe,* 340 F.3d 821, 822–23 (9th Cir.2003) (stating that if a state prisoner's subsequent state court habeas petitions are not limited to an elaboration of the facts relating to the claims in the first petition, the subsequent petitions constitute new rounds and the gap between the rounds is not tolled).[1]

Austin also contends that he is entitled to equitable tolling but has not alleged extraordinary circumstances beyond his control which prevented him from filing a timely petition. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001). Therefore, equitable tolling is not warranted. *See id.*[2]

**AFFIRMED.**

---

1. The Clerk shall file respondent's October 15, 2002, motion for judicial notice of a prior state habeas decision, and the motion is granted.

2. The Clerk shall file petitioner's July 22, 2002 motion to augment the record on appeal. The motion is denied, as the declaration was not before the district court, *see* Fed. R.App. P. 10(a)(1), and is not a "correction or

---

modification" of the record within the meaning of Fed. R.App. P. 10(e).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.