Rodney Karl BLACKWELL,
Petitioner–Appellant,

v.

Ernie ROE, Warden, et al.,
Respondents–Appellees.

No. 00–55868.
D.C. No. CV–99–09142–WDK.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.[*]

Decided Jan. 15, 2004.

Sung B. Park, Van Nuys, CA, Rodney Karl Blackwell, pro se, Corcoran, CA, for Petitioner–Appellant.

Ana R. Duarte, AGCA–Office of the California Attorney General (LA), Los Angeles, CA, for Respondents–Appellees.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM[**]

California state prisoner Rodney Karl Blackwell appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review de novo. *See Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). Because petitioner is

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**660**

not entitled to statutory or equitable tolling for his untimely filing, we affirm. *See White v. Klitzkie,* 281 F.3d 920, 922 (9th Cir.2002) (noting court can affirm on any ground supported by the record).

Blackwell contends that he is entitled to statutory tolling for the entire time his state habeas petitions were pending. *See Dictado v. Ducharme,* 244 F.3d 724, 726 (9th Cir.2001). While we acknowledge that Blackwell's state habeas petitions may have been properly filed within the meaning of 28 U.S.C. § 2244(d)(2), his § 2254 petition is nonetheless untimely because he is not entitled to tolling for the ten-month delay between his rounds of state habeas petitions. *See Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir.2003) (recognizing that when the state supreme court's denial becomes final, a petitioner is not entitled to statutory tolling of the time before he begins a second round of petitions); *see King vLeoutsakos v. Coll's Hospital Pharmacy. Roe,* 340 F.3d 821, 823 (9th Cir.2003) (per curiam) (noting that even where subsequent petitions were part of the first full round of state habeas, statutory tolling is not warranted if the subsequent petitions were ultimately deemed untimely).

Blackwell also seeks statutory or equitable tolling for the time he was separated from his legal papers, had limited access to the law library, and underwent a prison transfer. However, Blackwell's allegations have no bearing on this case because they occurred several months after his one-year AEDPA statute of limitations expired.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.