**Gary Mandel KELLY, Petitioner–Appellant,**

v.

**M. MESKE, Respondent–Appellee.**

No. 03–16446.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 19, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary Mandel Kelly, Corcoran, CA, pro se.

David A. Rhodes, DAG, AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Gary Mandel Kelly appeals pro se the dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review de novo. *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir. 1999). We affirm.

The district court properly determined that Kelly was only entitled to statutory tolling during his second full round of state habeas review. *See Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir.2003) (stating that a state court prisoner is not entitled to tolling between his first completed round of state habeas review and the commencement of another round); *King v. Roe,* 340 F.3d 821, 823 (9th Cir.2003) (per curiam) (stating that if a state prisoner's subsequent state court habeas petitions are not limited to an elaboration of the facts relating to the claims in the first round, the subsequent petitions constitute new rounds and the gap between the rounds is not tolled). Even giving Kelly the benefit of

tolling during his second round of collateral review, his § 2254 petition was untimely.

Kelly's actual innocence contention cannot satisfy the standards of *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) to bypass any procedural default, as his argument that he is actually innocent of being eligible for the Three Strikes punishment is foreclosed by *People v. Avery*, 27 Cal.4th 49, 115 Cal. Rptr.2d 403, 38 P.3d 1 (2002) (holding that a Texas conviction for burglary qualifies as a prior serious felony under California law as it fulfills the same requirements as the California statute).

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.