Bertrand DICKSON, Jr., Petitioner—
Appellant,

v.

D. ADAMS, Warden, Respondent—
Appellee.

No. 02–55060.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2004.*

Decided Jan. 20, 2005.

Bertrand Dickson, Jr., Satf California
Substance Abuse Treatment Facility, Cor-
coran, CA, for Petitioner–Appellant.

Kyle Brodie, Office of the California At-
torney General, Los Angeles, CA, for Re-
spondent–Appellee.

Before SKOPIL, FERGUSON, and
BOOCHEVER, Circuit Judges.

MEMORANDUM **

Petitioner Bertrand Dickson ("Dickson")
challenges the District Court's dismissal of
his petition for federal habeas corpus relief
pursuant to 28 U.S.C. § 2254. He claims
that the District Court erred in dismissing
his federal habeas petition as time-barred
under 28 U.S.C. § 2244(d)(1) of the Anti-
terrorism and Effective Death Penalty Act
of 1996 ("AEDPA") because he was enti-
tled to interval tolling between his first
and second rounds of state habeas peti-
tions. We have jurisdiction under 28
U.S.C. §§ 1291 and 2253. We review de
novo a district court's decision to dismiss a
federal habeas petition as time-barred un-
der 28 U.S.C. § 2244(d)(1). *King v. Roe,*
340 F.3d 821, 822 (9th Cir.2003) (per cu-
riam). For the reasons stated below, we
AFFIRM.

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

314

Under 28 U.S.C. § 2244(d)(2), the running of the AEDPA one-year statute of limitations period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." A state petition is "pending" under § 2244(d)(2) if it is a "continuing 'application' for review and relief." *Welch v. Carey,* 350 F.3d 1079, 1082 (9th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 2423, 158 L.Ed.2d 991 (2004). A petitioner is normally entitled to "one full round" of collateral relief in state court free from federal interference, during which time the AEDPA one-year statute of limitations is tolled. *Carey v. Scaffold,* 536 U.S. 214, 222, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

In *King,* this court announced a two-part test to determine whether a second round of state habeas petitions can be deemed as part of "one full round" of collateral relief to allow for interval tolling:

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a "new round" and the gap between the rounds is not tolled … [Second], we … ask whether [these petitions] were ultimately denied on the merits or deemed untimely … In the former event, the time gap between the petitions is tolled; in the latter event it is not.

340 F.3d at 823. *See also Gaston v. Palmer,* 387 F.3d 1004, 1016 (9th Cir.2004) (noting that interval tolling between first and second rounds of state habeas petitions is not available when the claims in the second round of state habeas petitions do not "overlap" with those in the first).

A close review of Dickson's two rounds of state habeas claims does not reveal sufficient elaboration or overlap. Dickson's first round claims of ineffective assistance of counsel and due process related to his trial counsel's attempt to coerce Dickson into pleading nolo contendere as well as the trial court's failure to inform him about the use of his prior offenses to apply California's Three Strikes sentencing law. Dickson failed to elaborate on these claims in any of his second round state habeas petitions. Instead, he focused for the first time on the trial court's failure to address the breakdown of his trial counsel's professional relationship with him. Moreover, he raised entirely new claims about the trial court's improper denial of his motion pursuant to *People v. Marsden,* 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44, 48 (1970), and improper denial of his request to represent himself at trial.

Because Dickson's second round of state habeas petitions raised new claims of relief without sufficient elaboration of, or overlap with, the claims raised in his first round of state habeas petitions, his second round of state habeas petitions constituted a new round of collateral relief. Consequently, the interval between his two rounds of state habeas petitions cannot be tolled under *King,* and his federal habeas petition is time-barred under 28 U.S.C. § 2244(d)(1). AFFIRMED.