**Vernon Percy HOWARD, Petitioner— Appellant,**

v.

**Robert MOORE, Warden, Respondent— Appellee.**

**No. 02–35408.**

**D.C. No. CV–01–00383–AAM.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 11, 2005.

Gerald R. Smith, Esq., Federal Defenders, Spokane, WA, Vernon Percy Howard, Monroe, WA, for Petitioner–Appellant.

Alex A. Kostin, Esq., AGWA—Office of the Washington Attorney General (Olympia) Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Washington state prisoner Vernon Percy Howard appeals the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse and remand.

Howard contends he is entitled to statutory tolling of the one-year statute of limitations. We disagree. Howard is not entitled to statutory tolling for the time during which his previous federal habeas petition was pending. *See Duncan v. Walker,* 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Nor is he entitled to statutory tolling for the period between his two rounds of state post-conviction petitions. *See King v. Roe,* 340 F.3d 821, 823 (9th Cir.2003) (per curiam).

Howard also contends he is entitled to equitable tolling of the statute of limitations based on the district court's erroneous dismissal of his first, timely filed 28 U.S.C. § 2254 petition as unexhausted. We agree. *See Tillema v. Long,* 253 F.3d 494, 503–504 (9th Cir.2001) (holding appellant entitled to equitable tolling for any time in excess of the limitation period based on district court's erroneous dismissal of his previous, timely filed petition). We reverse the district court's order dismissing Howard's habeas petition as untimely, and we remand to the district

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.