Johnney RAMEY, Petitioner—
Appellant,

v.

G. LEWIS, Respondent—Appellee.

No. 03–16768.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Submission withdrawn April 25, 2005.

Resubmitted July 10, 2006.

Filed July 10, 2006.

Patience Milrod, Esq., Fresno, CA, for Petitioner—Appellant.

Johnney Ramey, Folsom State Prison, Represa, CA, Brian Means, Justain P. Riley, DAG, AGCA—Office of the California Attorney General (Sac), Department of Justice, Sacramento, CA, for Respondent—Appellee.

Before: O'SCANNLAIN, COWEN,* and BEA, Circuit Judges.

## MEMORANDUM **

California state prisoner Johnney Ramey ("Ramey") appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 2253. We review *de novo* the district court's dismissal of Ramey's habeas petition, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Ramey challenges his 1995 convictions for two counts of second-degree robbery and of using a dangerous weapon during the commission of the robbery, which convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Absent tolling, Ramey had until April 24, 1997, to file his § 2254 petition. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288–89 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir.1998) (en banc). Ramey's first and second petitions were filed in Fresno County Superior Court in 1995 and 1996, respectively, before the enactment of AEDPA. He then filed six additional Fresno County Superior Court petitions, all in 1997 after AEDPA's effective date. Of these, we note that

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the third, fourth, and fifth petitions [1] were not "limited to an elaboration of [prior pleaded] facts," *King v. Roe,* 340 F.3d 821, 823 (2003), and lay far from the " 'proper use of state court procedures' " contemplated in *King, id.* (quoting *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999)). Even granting Ramey tolling for the time during which these petitions were under consideration by the Superior Court, AEDPA's statute of limitations expired May 28, 1997, before Ramey filed a petition with the Court of Appeal. *See* 28 U.S.C. § 2244(d)(1); *Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir.2003) (section 2254 petitioner is not entitled to statutory tolling for the gap periods between successive rounds of state habeas petitions); *see also Evans v. Chavis,* 546 U.S. 189, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).

The AEDPA limitations period may be subject to equitable tolling if " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon (Beeler),* 128 F.3d at 1288. However, "equitable tolling is unavailable in most cases." *Miles,* 187 F.3d at 1107. Here, the record fails to demonstrate that mental incompetency could have impaired Ramey from timely filing his federal habeas corpus petition. We find that Ramey has failed to establish that equitable tolling of the statute of limitations was warranted in his case.

The district court properly dismissed Ramey's § 2254 petition as untimely.

**AFFIRMED.**

---

**1.** We need express no opinion as to the contents of the sixth through eighth petitions, as AEDPA's statute of limitations had already expired. *See Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir.2001), *cert. denied,* 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003).

