**Glen Mark THOMAS, Petitioner—Appellant,**

v.

**Gail LEWIS, Respondent—Appellee.**

**No. 01–17412.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Submission withdrawn April 25, 2005.

Resubmitted July 10, 2006.

Filed July 10, 2006.

Brian Means, California State Attorney General, Sacramento, CA, for Petitioner–Appellant.

Glen Mark Thomas, Coalinga, CA, pro se.

Robert R. Anderson, Deputy Atty Gen., Attorney General's Office, Sacramento, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, COWEN,* and BEA, Circuit Judges.

MEMORANDUM **

California state prisoner Glen Mark Thomas ("Thomas") appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 2253. We review

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*de novo* the district court's dismissal of Thomas's habeas petition, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Thomas challenges his 1992 conviction for second-degree murder and use of a firearm in the commission of the crime, which conviction became final before April 25, 1996, the day after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Absent tolling, Thomas had until April 24, 1997, to file his 28 U.S.C. § 2254 petition. *See Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1288–89 (9th Cir. 1997), *overruled in part on other grounds, Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530, 540 (9th Cir.1998) (en banc). Thomas's first state habeas petition was denied January 13, 1994, before the effective date of AEDPA. Giving Thomas the benefit of the prison mailbox rule, his second petition was filed May 20, 1996, and denied June 3, 1996. His third petition was filed May 9, 1997, and denied July 9, 1997.

Even if Thomas were correct that his third petition was timely filed, and that the statute of limitations did not expire the day before on May 8, 1997, he agrees that the third petition did not seek to clarify his previous petitions but indeed asserted an entirely new claim. The third petition was therefore not part of his first round of state collateral proceedings. *See King v. Roe,* 340 F.3d 821, 823 (9th Cir.2003). Thomas is thus not entitled to statutory gap tolling during the period of time between the court's denial of his second petition and his filing of the third petition: 478 days, granting tolling for the time the third, new, petition was before the court. Hence, the statute of limitations was exceeded regardless whether the third petition was timely filed. *See Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir.2003) (section 2254 petitioner is not entitled to

statutory tolling for the gap periods between successive rounds of state habeas petitions). Although Thomas eventually filed a petition with the Court of Appeal on November 24, 1997, it was too late; his substantial delay in doing so after the denial of his second petition cannot be tolled consistently with *Evans v. Chavis,* 546 U.S. 189, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006). *See Gaston v. Palmer,* 417 F.3d 1030 (9th Cir.2005) (as amended).

AEDPA statute of limitations may be subject to equitable tolling where " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon (Beeler),* 128 F.3d at 1288. However, "equitable tolling is unavailable in most cases." *Miles,* 187 F.3d at 1107. Thomas has failed to establish that equitable tolling of the statute of limitations was warranted in his case.

The district court properly dismissed Thomas's § 2254 petition as untimely.

**AFFIRMED.**