Cecil CARR, aka Lonnie Johnson; Arthur Carr, Petitioner–Appellant,

v.

Tom L. CAREY, Warden, Warden substituted for T.M. Hornung, Respondent–Appellee.

No. 05–56087.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed Jan. 9, 2007.

Phillip I. Bronson, Esq., Law Offices of Phillip I. Bronson, Encino, CA, for Petitioner–Appellant.

Cecil Carr, Vacaville, CA, pro se.

Rama R. Maline, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

---

■■■■■■■■■■■■■■■

Before: PREGERSON, THOMPSON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Petitioner Cecil Carr appeals the district court's denial of his petition for habeas corpus. Petitioner contends that he received ineffective assistance of counsel because his trial counsel (1) failed to file a notice of appeal and/or consult with Petitioner regarding his right to appeal, and (2) failed to obtain Petitioner's medical records for his competency hearing. We have jurisdiction under 28 U.S.C. §§ 1292 and 2253, and we affirm.

We review *de novo* the district court's decision to grant or deny a 28 U.S.C. § 2254 habeas petition. *See Leavitt v. Arave*, 383 F.3d 809, 815 (9th Cir.2004) (per curiam). Because Petitioner's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214 (1996), governs this petition. *See Slack v. McDaniel*, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Silva v. Woodford*, 279 F.3d 825, 831 (9th Cir.2002). Under AEDPA, a petitioner must demonstrate that the state court's adjudication of the case resulted in a decision that was (1) contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or (2) based on an unreasonable determination of the facts. *See Ramirez v. Castro*, 365 F.3d 755, 762 (9th Cir.2004). State court findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S.C.

§ 2254(e)(1); *Miller–El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Claims of ineffective assistance of counsel are mixed questions of law and fact, and are therefore reviewed *de novo*. *See Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir.2006).

As an initial matter, we reject Respondent's assertion that the habeas petition is untimely in light of *Evans v. Chavis*, 546 U.S. 189, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006). The law of the case doctrine precludes us from examining this issue because an earlier panel found the petition timely in *Carr v. Los Angeles Superior Court*, 77 Fed.Appx. 952, 953–54 (9th Cir. 2003). *See Jeffries v. Wood*, 114 F.3d 1484, 1488–89 (9th Cir.1997) (en banc), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Petitioner asserts that he received ineffective assistance of counsel because counsel failed to file a notice of appeal and/or consult with Petitioner regarding his right to appeal. Because the record does not suggest that Petitioner expressed to counsel a desire to appeal, *see Roe v. Flores–Ortega*, 528 U.S. 470, 485, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and Petitioner conceded that there were likely no non-frivolous grounds for appeal, *see id.*, counsel was not ineffective for failing to advise Petitioner of his appellate rights. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner also contends that counsel provided ineffective assistance by failing to obtain Petitioner's medical records for his competency hearing. "Counsel has a duty to conduct a reasonable investigation so that he can make an informed decision

---

* This disposition is not appropriate for publication and *is not precedent except as provided* by Ninth Circuit Rule 36–3.

about how best to represent his client," *Frierson v. Woodford,* 463 F.3d 982, 989 (9th Cir.2006) (citing *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052), and consequently, counsel may render ineffective assistance "where he neither conducted a reasonable investigation nor made a showing of strategic reasons for failing to do so," *Sanders v. Ratelle,* 21 F.3d 1446, 1456 (9th Cir. 1994). Because Petitioner's counsel prepared for the competency hearing by presenting a defense expert, Petitioner fails to overcome the strong presumption that his counsel's conduct "falls within the wide range of reasonable professional assistance." *Hovey v. Ayers,* 458 F.3d 892, 904 (9th Cir.2006) (noting that a defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy").

AFFIRMED.