Michann D. MEADOWS, Petitioner–Appellant,

v.

Deborah JACQUEZ, Warden, Respondent–Appellee.

No. 05-56187.

United States Court of Appeals, Ninth Circuit.

---

Argued and Submitted June 11, 2007.*

Filed June 26, 2007.

Gerson Simon, Los Angeles, CA, Michann D. Meadows, Central California Women's Facility, Chowchilla, CA, for Petitioner–Appellant.

Xiomara Costello, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: D.W. NELSON, REINHARDT, and RYMER, Circuit Judges.

MEMORANDUM **

California state prisoner Michann D. Meadows ("Meadows") appeals the district court's order denying her 28 U.S.C. § 2254 habeas corpus petition challenging her 1994 conviction, following a no-contest plea, for second-degree murder. The district court dismissed the habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). For the following reasons, we affirm.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a 1–year limitations period from the date the judgment of conviction became final for filing a petition for writ of habeas corpus in feder-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We decline to certify the appealability of uncertified issues.

al court. 28 U.S.C. § 2244(d)(1)(A). For persons such as Meadows, whose conviction became final prior to the enactment of AEDPA in April 1996, the limitations period did not begin to run until the date of enactment of the statute. *See Calderon v. U.S. Dist. Ct. (Beeler),* 128 F.3d 1283, 1286 (9th Cir.1997), *overruled in part on other grounds by Calderon v. U.S. Dist. Ct. (Kelly),* 163 F.3d 530, 535 (9th Cir.1998) (en banc). Unless Meadows was entitled to tolling of the limitations period, she was required to file her habeas petition in federal court by April 24, 1997. It is undisputed that the 48 days between the date of enactment of AEDPA and Meadows's filing of the June 14, 1996 "Petition for Writ of Habeas Corpus and/or Application for Relief from Default" is not subject to tolling. *See Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."). Therefore, accounting for the period during the pendency of the state habeas petition filed on June 14, 1996, she had until May 5, 1997 to file her federal habeas petition unless she can demonstrate entitlement to tolling prior to that date.

We conclude that she was not entitled to tolling for the period during the pendency of the petitions for "Writ of Mandate/Prohibition" ("mandamus petitions") from December 6, 1996 to September 7, 1997 and therefore her federal habeas petition filed on September 8, 2004 was late.

## A. Statutory Tolling

■ Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Meadows's mandamus petitions to compel production of her full medical records did not toll the limitations period because they were not applications for State post-conviction or other collateral *review* within the meaning of AEDPA. Therefore, Meadows was not entitled to statutory tolling during the period in which the mandamus petitions were pending. In addition, since the mandamus petitions were not petitions for collateral review within the meaning of 28 U.S.C. § 2244(d)(2), Meadows is not entitled to interval tolling of the 156 days between the California Court of Appeals' denial of her state habeas petition on June 24, 1996 and her filing of a mandamus petition on December 6, 1996. *See King v. Roe,* 340 F.3d 821, 823 (9th Cir.2003) (finding entitlement to interval tolling available only for successive applications for collateral review).

## B. Equitable Tolling

■ Meadows contends that while in prison she suffered from mental illness because she was medicated with psychotropic drugs. As a result, she claims to be entitled to equitable tolling of the entire limitations period. We need only reach the question of entitlement to equitable tolling during the pendency of the mandamus petitions, and we hold that she is not entitled. We have held "equitable tolling is unavailable in most cases and is appropriate only if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (citations and quotation marks omitted). Her ability to file the mandamus petitions demonstrates that Meadows was mentally capable of preparing and filing a federal habeas petition during this period. *See Gaston v. Palmer,* 417 F.3d 1030, 1034 (9th Cir.2005) (rejecting argument that petitioner's physical and mental disabilities

constituted an "extraordinary circumstance" that made it impossible to file a federal habeas petition because he was able to file a state habeas petition during the period he claimed entitlement to equitable tolling). Therefore, we conclude that Meadows is not entitled to equitable tolling during the period in which she filed her mandamus petitions.

**AFFIRMED.**