Scott E. POMBRIO, Petitioner,

v.

Lydia C. HENSE, Warden, Respondent.

No. CV 08–2364–GHK (MAN).

United States District Court,
C.D. California.

April 29, 2009.

---

Scott E. Pombrio, Wasco, CA, pro se.

Viet H. Nguyen, CAAG, Office of Attorney General of California, Los Angeles, CA, for Respondent.

## ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

GEORGE H. KING, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all of the records herein, and the Report and Recommendation of United States Magistrate Judge ("Report"). The time for filing Objections has passed, and no Objections have been filed with the Court. The Court accepts and adopts the Report and the findings of fact, conclusions of law, and recommendations therein.

IT IS ORDERED that: (1) Respondent's Motion to Dismiss the Petition is granted for the reasons set forth in the

Report; and (2) Judgment shall be entered dismissing this action without prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

MARGARET A. NAGLE, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable George H. King, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order No. 05–07 of the United States District Court for the Central District of California.

### INTRODUCTION

On April 10, 2008, Petitioner, a California state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"). The body of the form Petition alleges 17 grounds for relief. Petitioner has appended a rambling and garbled narrative discussion to the Petition; it is unclear whether Petitioner seeks to allege additional claims through that attachment.

On October 27, 2008, Respondent filed a motion to dismiss the Petition on exhaustion grounds ("Motion"). By the Motion, Respondent contends that: 11 of the 17 grounds pleaded in the Petition were not fairly presented to the California Supreme Court, and thus, the Petition is "mixed"; and alternatively, the Petition should be deemed to be fully unexhausted given the nature of the California Supreme Court's denials of Petitioner's state high court habeas petitions.

On October 30, 2008, the Court issued an Order advising Petitioner that it appeared the Petition may be "mixed." The Court further advised Petitioner of his three options should the Court ultimately conclude that the Petition is "mixed." The Court directed Petitioner to file his Opposition to the Motion by December 1, 2008, and to state therein which of the three options he elects should the Court find the Petition to be "mixed." On December 1, 2008, Petitioner requested an extension of time to respond to the Motion, which the Court granted on December 4, 2008. Although Petitioner's time to respond to the Motion was extended to January 5, 2009, as of this date, Petitioner has not filed an Opposition or any other response to the Motion.

While Petitioner's failure to file a response to the Motion may be deemed a consent to its grant pursuant to Local Rule 7–12, the Court has independently considered the merits of the Motion in the light of the record and governing law. Having done so, and having now reviewed the record fully, the Court finds that the Petition is fully unexhausted. Accordingly, the Motion should be granted on that ground, and this case should be dismissed without prejudice.

### PRIOR PROCEEDINGS

In March 2005, Petitioner pleaded guilty to failing to register as a sex offender. The imposition of sentence was suspended, and Petitioner was placed on probation for three years. (Documents lodged by Respondent with the Motion ("Lodg."), Nos. 1–2.) Subsequently, Petitioner admitted violating the terms of his probation, and he was sentenced to 16 months in state prison. (Lodg. Nos. 3–6.)

Thereafter, Petitioner filed numerous habeas petitions in all three levels of the California court system. (Lodg. Nos. 7–29.) For purposes of the instant Motion, the claims presented in Petitioner's habeas

petitions filed in the California Supreme Court and the resulting state high court orders must be reviewed to address the exhaustion issue before this Court

On August 13, 2007, Petitioner filed his first habeas petition in the California Supreme Court (Case No. S155315). (Lodg. No. 17.) On September 12, 2007, the California Supreme Court denied the petition summarily and by citation to *In re Swain,* 34 Cal.2d 300, 304, 209 P.2d 793 (1949), and *People v. Duvall,* 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995). (Lodg. No. 18.)

On September 20, 2007, Petitioner filed his second habeas petition in the California Supreme Court (Case No. S157058). (Lodg. No. 21.) On November 14, 2007, the California Supreme Court denied the petition summarily and by citation to *Swain, Duvall,* and *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). (Lodg. No. 22.)

On February 21, 2008, Petitioner filed his third and fourth habeas petitions in the California Supreme Court (Case Nos. S161035 and S161038). (Lodg. Nos. 25 and 27.) On March 19, 2008, the California Supreme Court denied the petitions summarily and by citation to *Swain* and *Duvall.* (Lodg. Nos. 26 and 28.)

On July 9, 2008, Petitioner filed a fifth habeas petition in the California Supreme Court (Case No. S164978). (*See* the California Courts—Appellate Case Information web site containing electronic dockets for California appellate actions, http://appellatecases.courtinfo.ca.gov, the contents of which this Court takes judicial notice pursuant to Fed.R.Evid. 201.) On October 1, 2008, the California Supreme Court denied the petitions summarily and by citation to *Swain, Duvall,* and *Clark.* (*Id.*)

## DISCUSSION

### A. *The Exhaustion Requirement*

■ Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982); *Fields v. Waddington,* 401 F.3d 1018, 1020 (9th Cir.2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* these claims are presented to the federal courts." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis added); *see also Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

■ To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995); *Peterson v. Lampert,* 319 F.3d 1153, 1155–56 (9th Cir. 2003) (*en banc*); *Lyons v. Crawford,* 232 F.3d 666, 668 (9th Cir.2000), *as modified by* 247 F.3d 904 (9th Cir.2001). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin,* 541 U.S. at 29, 124 S.Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of

discretionary review); *Keating v. Hood,* 133 F.3d 1240, 1242 (9th Cir.1998). To fairly present a claim to the California Supreme Court, the petitioner must describe not only the operative facts but also the federal legal theory on which the claim is based. *See Duncan,* 513 U.S. at 365–66, 115 S.Ct. at 888; *Davis v. Silva,* 511 F.3d 1005, 1009 (9th Cir.2008); *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005). "[T]he petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation." *Id.; see also Gray v. Netherland,* 518 U.S. 152, 162–63, 116 S.Ct. 2074, 2081, 135 L.Ed.2d 457 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Lyons,* 232 F.3d at 669–70 (a state prisoner "exhausts available state remedies only if he characterized the claims *specifically* as federal claims") (emphasis in original).

B. *The Petition Is Unexhausted, Because Petitioner Presented His Claims To The California Supreme Court In A Procedurally Defective Manner.*

■■■ A claim is not fairly presented if it is raised "in a procedural context in which its merits will not be considered" absent special circumstances. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Roettgen v. Copeland,* 33 F.3d 36, 38 (9th Cir.1994); *Harris v. Superior Court,* 500 F.2d 1124, 1128 (9th Cir.1974) (*en banc*) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been

given the required fair opportunity to correct the constitutional violation."). "Raising the claim in such a fashion does not ... constitute 'fair presentation.'" *Castille,* 489 U.S. at 351, 109 S.Ct. at 1060. If it is clear that a claim is procedurally barred and may no longer be heard in the California courts, exhaustion may be found; however, if a possibility remains that the California Supreme Court will consider such a claim, then it is unexhausted and must be dismissed. *See id.; see also Johnson v. Lewis,* 929 F.2d 460, 463–64 (9th Cir.1991). When the California Supreme Court denies a habeas petition on procedural grounds, and those grounds do not preclude that court's future consideration of the claims involved, the claims are unexhausted. *McQuown v. McCartney,* 795 F.2d 807, 810 (9th Cir.1986) (the California Supreme Court's denial of a habeas petition on procedural grounds means that the exhaustion requirement is not necessarily met if the petitioner "may still be able to use available procedures to give the state court a first opportunity to rule on the merits of the federal claims").

■■ Here, Respondent contends that the California Supreme Court denied Petitioner's habeas petitions on the ground that his claims were not pled with particularity, and thus, Petitioner presented his claims to the state high court in a procedural posture that precluded their consideration on the merits. Respondent further contends that the procedural rules cited by the California Supreme Court in its orders of denial would allow the state high court's consideration of Petitioner's claims in the future, if he presented the claims through a procedurally-sufficient petition. Therefore, Respondent asserts that the Petition is fully unexhausted.

The California Supreme Court denied all five of Petitioner's habeas petitions by citations to *Swain* and *Duvall,* and two of the

five with an addition citation to *Clark*. A *Clark* citation means that the petitioner failed to explain adequately or justify any delay and/or piecemeal manner in which he has presented his claims. *Clark*, 5 Cal.4th at 774–75, 797, 21 Cal.Rptr.2d 509, 855 P.2d 729. The California Supreme Court made clear in *Clark* that, if a petitioner provides an adequate explanation for his delay and/or raising of claims in a successive petition, the claims may be considered on their merits. *Id.*

A *Swain* citation means that a petitioner has failed to "allege with particularity the facts upon which he would have a final judgment overturned" or to explain his delay in raising his claim. *Swain*, 34 Cal.2d at 304, 209 P.2d 793. A *Duvall* citation stands for the proposition that the state court will not issue an order to show cause requiring a return unless a habeas petition does two things: (1) states "fully and with particularity the facts on which relief is sought"; and (2) includes "copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." *Duvall*, 9 Cal.4th at 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252. Denials based upon *Swain* and *Duvall* indicate that a petitioner has failed to comply with the requirement that he "allege with sufficient particularity the facts warranting habeas relief." *King v. Roe*, 340 F.3d 821, 823 (9th Cir.2003); *see also Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir.2005) (characterizing a denial order based on *Swain* and *Duvall* as the equivalent of "the grant of a demurrer with leave to refile" under California law, namely, "a holding that [the petitioner] has not pled facts with sufficient particularity"), *as modified on other grounds by* 447 F.3d 1165 (9th Cir.2006). Under California law, this deficiency "can be cured in a renewed petition." *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir.1986); *see also King*,

340 F.3d at 823 (*Swain* and *Duvall* "allow amendment to comply").

Thus, the *Clark*, *Swain*, and *Duvall* denials issued in this case involve correctable defects, and Petitioner may file an amended or renewed petition with the California Supreme Court to rectify such defects. Accordingly, his state judicial remedies have not been exhausted. *Castille*, 489 U.S. at 351–52, 109 S.Ct. at 1060; *McQuown*, 795 F.2d at 810.

The Ninth Circuit has indicated that when, in the face of a *Swain* denial, a habeas petitioner contends he presented his claims to the California Supreme Court with as much particularity as possible, federal courts must conduct an independent review of the state petition to determine whether the claims were fairly presented and, thus, are exhausted. *Kim*, 799 F.2d at 1319–20. Petitioner, however, does not make any such contention in this case, and there is no basis in the record for the Court to find that Petitioner presented his claims in the state court with as much particularity as was possible.

The record demonstrates that the California Supreme Court declined to reach the merits of Petitioner's claims, because he failed to comply with California procedural requirements. The *Clark*, *Swain*, and *Duvall* defects identified by the California Supreme Court in denying relief as to Petitioner's present claim are correctable defects, and the California Supreme Court did not indicate that Petitioner's claims would not be considered if these procedural defects were corrected through a renewed petition. Any uncertainty as to whether the California Supreme Court actually will entertain a renewed petition raising Petitioner's claim does not render the claim exhausted. Petitioner must give that court the first opportunity to consider and resolve the claims by presenting them in a procedurally adequate manner. *John-*

*son,* 929 F.2d at 463–64. Accordingly, because the claims alleged in the Petition were presented in a procedurally defective manner in which their merits were not considered, Petitioner's claims are unexhausted for federal habeas purposes.[1]

■ The United States Supreme Court has made it clear that the exhaustion rule is a *total* one: every claim in a federal habeas petition must be properly exhausted before any of the claims contained in the petition can be considered. *See Rose,* 455 U.S. at 518–19, 102 S.Ct. at 1203. For the foregoing reasons, the Petition is unexhausted, because Petitioner has not fairly presented his claims to the California Supreme Court. Hence, this action must be dismissed without prejudice. If Petitioner does properly exhaust his claims in the future, he may, at that time, file a new habeas petition in this Court.[2]

### RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation; (2) granting the Motion on the ground that the First Amended Petition is unexhausted; and (3) directing that Judgment be entered dismissing this action without prejudice for failure to exhaust state remedies.

1. In view of the Court's conclusion, the Court need not, and does not, reach Respondent's alternative argument that 11 of the Petition's 17 claims were not presented to the California Supreme Court at all.

2. Because the Petition is fully unexhausted, the stay-and-abeyance procedure may not be invoked in this case.

The Court advises Petitioner that he must be mindful of the **one-year statute of limitations for bringing federal habeas actions.** *See* 28 U.S.C. § 2254(d)(1). In view of the one-year limitations period, **Petitioner is cautioned that he should proceed with diligence** in his exhaustion efforts and in returning to federal court, should he wish to pursue federal habeas relief. **Petitioner is advised that: the filing and pendency of this action does not toll the one-year limitations period, which has continued running; and any subsequent federal habeas petition he may file will be a new and separate habeas petition, which will *not* relate back to the filing date of the current Petition.** The Court expresses no opinion on whether this action is timely or not, or whether any subsequent federal petition filed by Petitioner will be timely or time-barred.